## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SPECIAL COUNSEL
EX REL. MICHAEL MCCORD,
        Petitioner,

    v.

FEDERAL MINE SAFETY AND
  HEALTH REVIEW COMMISSION,
        Agency.

DOCKET NUMBER
CB-1208-22-0017-U-1

DATE: August 18, 2022

# THIS STAY ORDER IS NONPRECEDENTIAL[1]

Elizabeth Q. McMurray, Esquire and Shoshana S. Elon, Esquire,
    Washington, D.C., for the petitioner.

Ariel E. Solomon, Esquire, Washington, D.C., for the relator.

Pollyanna Hampton, Esquire and Rory Smith, Esquire, Washington, D.C.,
    for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**ORDER ON STAY REQUEST**

¶1        Pursuant to 5 U.S.C. § 1214(b)(1)(A), the Office of Special Counsel (OSC) requests that the Board retroactively stay Mr. McCord's proposed removal for 45 days while OSC completes its investigation and legal review of the matter and determines whether to seek corrective action.  For the reasons discussed below, OSC's request is GRANTED.

**BACKGROUND**

¶2        In its August 15, 2022 stay request, OSC states that it has reasonable grounds to believe that on July 22, 2022, the agency proposed to remove Mr. McCord from his General Counsel position with the agency in retaliation for whistleblowing disclosures and activity in violation of 5 U.S.C. §§ 2302(b)(8) and (b)(9).  Stay Request File (SRF), Tab 1 at 5-6.

¶3        OSC alleges that, on February 9, 2022, the Commission Chair sent Mr. McCord an email with the subject line "Procedure for [Office of General Counsel (OGC)] Attorney Case Assignment."  *Id.*  In this email, the Commission Chair informed Mr. McCord that, going forward, the Commission Chair would secretly select which attorney would be assigned to each new case, but it would otherwise appear that Mr. McCord would be assigning cases, as he had always done.  *Id.*  The email specified that Mr. McCord must keep the new procedure "completely confidential" and that "only [he (Mr. McCord) and the Commission Chair] know about it."  *Id.*  The Commission Chair advised that a first offense of violating his instruction would result in a 13-day suspension and a second offense would result in termination.  *Id.*  Later that day, Mr. McCord shared the Commission Chair's email with two Commissioners.  *Id.* at 7.

¶4        OSC alleges that on February 10, 2022, when the Commission Chair became aware that Mr. McCord defied his order by sharing his email, he again emailed Mr. McCord stating that "[s]haring [his] confidential communication with the other political appointees and the rest of the agency was a very[,] very

bad decision." *Id.* OSC alleges that on an unspecified date or dates, Mr. McCord contacted OSC. *Id.* at 5. Mr. McCord informed the Commission Chair in a February 25, 2022 email that he had "filed multiple claims with [OSC] addressing [the Commission Chair's] continuing unlawful behavior." *Id.* at 8. Less than 2 weeks later, on March 9, 2022, Mr. McCord received notice that he was placed on administrative/investigative leave pending an investigation into unspecified "allegations of misconduct." *Id.* OSC alleges that on July 22, 2022, the Commission Chair proposed Mr. McCord's removal for, among other reasons, failure to follow instructions. *Id.* Then, on August 5, 2022, the Commission Chair issued a decision to remove Mr. McCord, effective August 21, 2022. *Id.*

¶5 OSC contends that there are reasonable grounds to believe that the agency proposed Mr. McCord's removal in retaliation for whistleblowing disclosures and protected activity in violation of 5 U.S.C. §§ 2302(b)(8) and (b)(9), and requests that the Board retroactively stay the proposed removal for a period of 45 days. *Id.* at 10, 15.

**ANALYSIS**

¶6 Under 5 U.S.C. § 1214(b)(1)(A)(i), OSC "may request any member of the Merit Systems Protection Board to order a stay of any personnel action for 45 days if [OSC] determines that there are reasonable grounds to believe that the personnel action was taken, or is to be taken, as a result of a prohibited personnel practice." Such a request "shall" be granted "unless the [Board] member determines that, under the facts and circumstances involved, such a stay would not be appropriate." 5 U.S.C. § 1214(b)(1)(A)(ii). OSC's stay request need only fall within the range of rationality to be granted, and the facts must be reviewed in the light most favorable to a finding of reasonable grounds to believe that a prohibited personnel practice was (or will be) committed. *See Special Counsel ex rel. Aran v. Department of Homeland Security*, 115 M.S.P.R. 6, ¶ 9 (2010). Deference is given to OSC's initial determination, and a stay will be denied only

when the asserted facts and circumstances appear to make the stay request inherently unreasonable. *Special Counsel v. Department of Veterans Affairs*, 50 M.S.P.R. 229, 231 (1991).

¶7        Under 5 U.S.C. § 2302(b)(8), it is a prohibited personnel practice to take or threaten to take a personnel action with respect to any employee because of any disclosure of information by an employee, which the employee reasonably believes evidences any violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse or authority, or a substantial and specific danger to public health or safety. Under 5 U.S.C. §§ 2302(b)(9)(A) and (b)(9)(C), it is a prohibited personnel practice to take or threaten to take a personnel action against an employee because the employee exercised any appeal, complaint, or grievance right granted by any law, rule, or regulation or disclosed information to OSC.

¶8        OSC alleges that Mr. McCord had a reasonable belief that his February 9, 2022 email to the two Commissioners evidenced wrongdoing within the scope of 5 U.S.C. § 2302(b)(8). *Id.* at 11-12. Specifically, OSC alleges that Mr. McCord reasonably believed that the email was contrary to the Federal Mine Safety Act of 1977 (Mine Act), 30 U.S.C. § 823, contrary to the agency's mission, an abuse of authority, and gross mismanagement. *Id.* at 6-7. OSC further alleges that the Commission Chair knew about Mr. McCord's February 9, 2022 email to the other two Commissioners and his OSC filings when, less than 6 months later, he issued the July 22, 2022 notice of proposed removal. *Id.* at 13-14. A proposed removal is a personnel action. *Bacas v. Department of the Army*, 99 M.S.P.R. 464, ¶ 5 (2005). OSC thus contends that Mr. McCord's protected whistleblowing disclosure and activity were a contributing factor in a personnel action. *Id.* at 14.

¶9        Given the deference that should be afforded to OSC and the assertions made in its stay request, I find that there are reasonable grounds to believe that the agency's proposal to remove Mr. McCord is the result of a prohibited personnel practice under 5 U.S.C. §§ 2302(b)(8) and (b)(9).

**ORDER**

¶10        Based on the foregoing, granting OSC's stay request would be appropriate. Accordingly, a 45-day stay of Mr. McCord's proposed removal is GRANTED. The stay shall be in effect from August 18, 2022, through and including October 1, 2022.  It is further ORDERED that:

(1)    During the pendency of this stay, the agency is required to reinstate Mr. McCord to the position he held prior to his proposed removal;

(2)    The agency shall not effect any changes in Mr. McCord's duties or responsibilities that are inconsistent with his salary or grade level, or impose upon him any requirement which is not required of other employees of comparable position, salary, or grade level;

(3)    The agency shall not effectuate Mr. McCord's removal;

(4)    Within 5 working days of this Order, the agency shall submit evidence to the Clerk of the Board showing that it has complied with this Order;

(5)    Any request for an extension of this stay pursuant to 5 U.S.C. § 1214(b)(1)(B), as amended by Pub. L. No. 115-42,[2] and 5 C.F.R. § 1201.136(b) must be received by the Clerk of the Board and the agency, together with any further evidentiary support, on or before September 16, 2022; and

---

[2] As passed by the House of Representatives on May 25, 2017, passed by the Senate on June 14, 2017, and signed into law on June 27, 2017.

(6)     Any comments on such a request that the agency wants the Board to consider pursuant to 5 U.S.C. § 1214(b)(1)(C) and 5 C.F.R. § 1201.136(b) must be received by the Clerk of the Board on or before September 23, 2022.


FOR THE BOARD:                         /s/ for

                                             Jennifer Everling
                                             Acting Clerk of the Board

Washington, D.C.